FILED

**NOT FOR PUBLICATION**

APR 11 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50391 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-01355-LAB-1 |
| v. | |
| RICARDO ESPINO-IBARRA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted April 8, 2014[**]
Pasadena, California

Before: FERNANDEZ, N.R. SMITH, and MURGUIA, Circuit Judges.

Ricardo Espino-Ibarra appeals his sentence of 18 months' imprisonment plus

three years' supervised release for his conviction for illegal reentry after removal in

violation of 8 U.S.C. § 1326.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review a sentence for abuse of discretion in two steps. *Gall v. United States*, 552 U.S. 38, 51 (2007). First, we ensure that the district court did not commit any significant procedural errors. *Id.* Second, once we determine that the sentence was procedurally sound, we review the substantive reasonableness of the sentence. *Id.*

Espino-Ibarra appears to have waived his procedural challenge to the district court's offer to delay his sentencing for one year and then sentence him to five years of probation. *See United States v. Gillenwater*, 717 F.3d 1070, 1073 n.1 (9th Cir. 2013) (explicitly limiting appeal to particular arguments waives other arguments). Even if not waived, the district court's offer was not plain error. The district court did not act contrary to law by making the suggestion. *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc) (an error is plain if it is contrary to law). Nor has Espino-Ibarra shown a reasonable probability that he would have received a different sentence absent the district court's suggestion. *See id.*

The district court began each sentencing proceeding by referencing or calculating the correct Guidelines range. The Guidelines range was one of several appropriate factors that the district court considered in fashioning the sentence. *See United States v. Autery*, 555 F.3d 864, 871-73 (9th Cir. 2009).

Because we conclude that Espino-Ibarra's sentence was procedurally sound, we review the substantive reasonableness of the sentence for abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). The sentence was reasonably based on the 18 U.S.C. § 3353(a) factors, specifically, the need to deter criminal conduct. *See* 18 U.S.C. § 3353(a)(2)(B). The district court arrived at this sentence independent of Espino-Ibarra's decision not to delay his sentencing, and the sentence was not greater than necessary to serve the § 3353(a) factors.

**AFFIRMED.**

3